JUDGE KAPLAN                    07 CV 3548

☐ FILE

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: HEATHER K. McSHAIN (HM-5883)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2696

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
TIA WALKER, as Mother and Natural    :         MAY 0 3 2007
Guardian of MAHOGANY GREEN,
                                     :
                                     :
            Plaintiffs,              :    07 Civ. _____ (   )
                                     :
      - against -                    :    NOTICE OF REMOVAL
                                     :
THROGS NECK MULTI CARE, P.C.,        :
GEORGE BERTERO, M.D., LOUIS ROSE,    :
M.D., OUR LADY OF MERCY MEDICAL      :
CENTER, SOUNDVIEW HEALTH CENTER,     :
DAWN DAWSON, M.D., and BHAGWANT      :
GILL, M.D.,                          :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - x

        Defendants Soundview Health Center ("Soundview") and Dr.

Dawn Dawson ("Dawson"), by their attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York,

hereby remove the above-captioned action to the United States

District Court for the Southern District of New York.   The

grounds for removal are as follows:

        1.  Soundview and Dawson are named as defendants in an

action filed in the Supreme Court of the State of New York,

County of Bronx, Index No. 16771/05.  A copy of the complaint is

annexed hereto as Exhibit A.

2.   Plaintiffs allege that Soundview and Dawson, among others, were negligent in their failure to diagnose plaintiff Mahogany Green's ("Green") medical condition and their medical treatment of Green.  As a result, plaintiffs allege that Green endured unnecessary pain and suffering.  See Complaint at ¶¶ 57-62.  The complaint seeks an unspecified amount of damages.  Id. at ¶ 62.

3.   Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 et seq., Soundview and its employees such as Dawson, were deemed on February 1, 1997 to be employees of the United States Government for purposes of civil actions seeking damages for personal injury resulting from the performance of medical, surgical, dental or related functions.  See 42 U.S.C. § 233(a), (g) and (h).

4.   The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, provides the exclusive remedy with respect to plaintiffs' claims against Soundview and Dawson.  See 42 U.S.C. § 233(a).

5.   This action may be removed to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) because:  (i) trial has not yet been had of this action; and (ii) this is a civil action brought against, inter alia, an employee of the United States Government.  A copy of the Certification of Michael J.

Garcia, United States Attorney for the Southern District of New York, dated April 26, 2007, certifying that Soundview and Dawson were acting within the scope of their Federal employment at all times referenced in the complaint, is attached hereto as Exhibit B.

6. The submission of this notice of removal is solely for the special purpose of removing this action to the appropriate federal court and is not a general appearance by any defendant. This Office makes a limited appearance on behalf of Soundview and Dawson solely for the purpose of removal of this action. This submission does not constitute a waiver of any defense available to any defendant, including any defense under Rule 12 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        May 3, 2007

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for Defendants Soundview
                       Health Center and Dr. Dawn Dawson

By: _____

                    HEATHER K. McSHAIN (HM-5883)
                    Assistant United States Attorney
                    86 Chambers Street, 3rd Floor
                    New York, New York  10007
                    Telephone: (212) 637-2696
                    Facsimile: (212) 637-2702

- 3 -

TO:        BY FEDERAL EXPRESS

       Michael A. Fruhling, Esq.
       GERSOWITZ, LIBO & KOREK, P.C.
       111 Broadway, 12th Floor
       New York, New York 10006
       (212) 385-4410
       Attorneys for Plaintiffs

       Michael Kelly, Esq.
       SCHIAVETTI, CORGAN, SOSCIA, DiEDWARDS & NICHOLSON, LLP
       709 Westchester Avenue
       White Plains, New York 10604
       (914) 946-0400
       Attorneys for Defendant George Bertero, M.D.

       Suzanne Rapisarda, Esq.
       ELLENBERG & RIGBY, LLP
       575 Eighth Avenue
       New York, New York 10018
       (212) 629-8585
       Attorneys for Defendants Throgs Neck Multi Care, P.C. and
       Louis Rose, M.D.

       James S. Makris, Esq.
       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
       3 Gannet Drive
       White Plains, New York 10604
       (914) 323-7000
       Attorneys for Defendant Our Lady of Mercy Medical Center

       Joan M. Ruddy, Esq.
       BARTLETT, MCDONOUGH & ASSOCIATES
       81 Main Street, Suite 400
       White Plains, New York 10601
       (914) 448-0200
       Attorneys for Defendant Bhagwant Gill, M.D.

       Paul Bonsignore, Esq.
       MCMAHON, MARTINE & GALLAGHER
       90 Broad Street
       New York, New York 10004
       (212) 747-1230

- 4 -

# Exhibit A

A905

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

UNITED LAWYERS
-------------------------------------------------------X    Index No.: 16771-05
TIA WALKER, as Mother and Natural Guardian of          Date Filed: 6/14/05
MAHOGANY GREEN,

                                    Plaintiff,           Plaintiff designates
                                                         Bronx County
                                                         as the Place of Trial
                        - against -
                                                         The basis of venue is
                                                         Plaintiff's residence
THROGS NECK MULTI CARE, P.C., GEORGE
BERTERO, M.D., LOUIS ROSE, M.D., OUR LADY
OF MERCY MEDICAL CENTER, SOUNDVIEW
HEALTH CENTER, DAWN DAWSON, M.D.,
and BHAGWANT GILL, M.D.,                                 **SUMMONS**

                                    Defendants.
-------------------------------------------------------X

To the above named Defendants:

          YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York               Gersowitz, Libo & Korek, P.C.
        June 9, 2005                     Attorneys for Plaintiff

Defendants' Addresses:

                                        By: Michael A. Fruhling
Throgs Neck Multi Care, P.C.            111 Broadway, 12th Floor
3058 East Tremont Avenue                New York, New York  10006
Bronx, New York 10461                   (212) 385-4410              **FILED**

George Bertero, M.D.                    Louis Rose, M.D.      JUN 1 4 2005
3058 East Tremont Avenue                3058 East Tremont Avenue
Bronx, New York 10461                   Bronx, New York 10461  BRONX COUNTY CLERK'S OFFICE

Our Lady of Mercy Medical Center        Soundview Health Center
600 East 233rd Street                   731 White Plains Road
Bronx, New York 10466                   Bronx, New York 10473   W.D.

Dawn Dawson, M.D.                        Bhagwant Gill, M.D.

07/13/2005   16:15   JUL. 11. 2005  5:40PM    SOUNDVIEW HEALTH CTR    NO. 575   No. 7772   P. 6   708

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

TIA WALKER, as Mother and Natural Guardian of
MAHOGANY GREEN,

                          Plaintiff,

            - against -

THROGS NECK MULTI CARE, P.C., GEORGE
BERTERO, M.D., LOUIS ROSE, M.D., OUR LADY
OF MERCY MEDICAL CENTER, SOUNDVIEW
HEALTH CENTER, DAWN DAWSON, M.D.,
and BHAGWANT GILL, M.D.,

                          Defendants.

-------------------------------------------------------------X

Index No.: 16771/05
Date Filed: 6/14/05

**VERIFIED COMPLAINT**

S I R S:

        Plaintiff, by her attorneys, GERSOWITZ LIBO & KOREK, P.C., alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    That at all times hereinafter mentioned, Plaintiff TIA WALKER is the mother and natural guardian of MAHOGANY GREEN.

    2.    That at all times hereinafter mentioned, Plaintiffs reside at 2791 Dewey Avenue, Apartment 2A, Bronx, New York 10465.

    3.    That at all times hereinafter mentioned, Defendant THROGS NECK MULTI CARE, P.C., was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

FILED

JUN 14 2005

BRONX COUNTY CLERK'S OFFICE

1

07/13/2005    16:15

Jul. 11. 2005  5:40PM    SOUNDVIEW HEALTH CTR            No. 7772    P. 7

No. 692    P. 3

4.    That at all times hereinafter mentioned, Defendant THROGS NECK MULTI CARE, P.C., was and still is a foreign corporation authorized to do business in the State of New York.

5.    That at all times hereinafter mentioned, Defendant THROGS NECK MULTI CARE, P.C., was and still is a partnership, organized and existing under and by virtue of the laws of the State of New York.

6.    That at all times hereinafter mentioned, Defendant, THROGS NECK MULTI CARE, P.C., was located at 3058 East Tremont Avenue, Bronx, New York.

7.    That at all times hereinafter mentioned, Defendant, GEORGE BERTERO, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

8.    That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002,  Defendant GEORGE BERTERO, M.D., was a physician practicing medicine at Defendant THROGS NECK MULTI CARE, P.C..

9.    That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002,  Defendant, GEORGE BERTERO, M.D., was a partner in the medical practice known as "THROGS NECK MULTI CARE, P.C.".

10.    That at all times hereinafter mentioned, from  October 28, 1998 and continuing through March 29, 2002,  Defendant GEORGE BERTERO, M.D., was employed by Defendant, THROGS NECK MULTI CARE, P.C..

11.    That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002, Defendant GEORGE BERTERO, M.D., was practicing medicine at the Defendant THROGS NECK MULTI CARE, P.C., with the knowledge and consent of Defendant, THROGS

2

NECK MULTI CARE, P.C.

12:    That at all times hereinafter mentioned, Defendant LOUIS ROSE, M.D., was and still is

a physician duly licensed to practice medicine within the State of New York.

13.    That at all times hereinafter mentioned, between November 2, 1998 and continuing

through April 2, 2002, Defendant, LOUIS ROSE, M.D., was a physician practicing medicine at

Defendant, THROGS NECK MULTI CARE, P.C.

14.    That at all times hereinafter mentioned, from November 2, 1998 and continuing through

April 2, 2002, Defendant, LOUIS ROSE, M.D., was a partner in the medical practice known as

"THROGS NECK MULTI CARE, P.C.".

15.    That at all times hereinafter mentioned, from November 2, 1998 and continuing through

April 2, 2002, Defendant, LOUIS ROSE, M.D., was employed by Defendant, THROGS NECK

MULTI CARE, P.C..

16.    That at all times hereinafter mentioned, from November 2, 1998 and continuing through

April 2, 2002, Defendant, LOUIS ROSE, M.D., was practicing medicine at the Defendant, THROGS

NECK MULTI CARE, P.C., with the knowledge and consent of Defendant, THROGS NECK

MULTI CARE, P.C..

17.    That at all times hereinafter mentioned, from November 2, 1998 and continuing through

April 2, 2002, Defendant, LOUIS ROSE, M.D., was practicing medicine at 3058 East Tremont

Avenue, Bronx, New York.

18.    That at all times hereinafter mentioned, Defendant OUR LADY OF MERCY

MEDICAL CENTER was and still is a corporation duly organized and existing under and by virtue of

3

the laws of the State of New York.

19.    That at all times hereinafter mentioned, Defendant OUR LADY OF MERCY

MEDICAL CENTER was and still is a foreign corporation authorized to do business in the State of

New York.

20.    That at all times hereinafter mentioned, Defendant OUR LADY OF MERCY

MEDICAL CENTER was located at 600 East 233rd Street, Bronx, New York 10466.

21.    That at all times hereinafter mentioned, Defendant SOUNDVIEW HEALTH CENTER

was and still is a corporation duly organized and existing under and by virtue of the laws of the State of

New York.

22.    That at all times hereinafter mentioned, Defendant SOUNDVIEW HEALTH CENTER

was and still is a foreign corporation authorized to do business in the State of New York.

23.    That at all times hereinafter mentioned, Defendant SOUNDVIEW HEALTH CENTER

was located at 731 White Plains Road, Bronx, New York.

24.    That at all times hereinafter mentioned, Defendant, DAWN DAWSON, M.D., was

and still is a physician duly licensed to practice medicine within the State of New York.

25.    That at all times hereinafter mentioned, Defendant, DAWN DAWSON, M.D., was a

physician licensed to practice medicine in the State of New York.

26.    That at all times hereinafter mentioned, from February 4, 1999 and continuing through

April 1, 1999, Defendant, DAWN DAWSON, M.D., was a physician practicing medicine at

Defendant SOUNDVIEW HEALTH CENTER.



27.     That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was employed by Defendant SOUNDVIEW HEALTH CENTER.

28.     That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was a principal in the medical practice known as "Soundview Health Center".

29.     That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was practicing medicine at the Defendant SOUNDVIEW HEALTH CENTER with the knowledge and consent of Defendant, SOUNDVIEW HEALTH CENTER.

30.     That at all times hereinafter mentioned, Defendant, BHAGWANT GILL, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

31.     That at all times hereinafter mentioned, from March 31, 1999 and continuing through May 26, 1999, Defendant, BHAGWANT GILL, M.D., was a physician practicing medicine at 1695 Eastchester Road, Bronx, New York.

32.     That on or about October 28, 1998 and continuing through March 29, 2002, Defendant, THROGS NECK MULTI CARE, P.C., its respective agents, servants, employees, contractors, physicians, nurses, interns and other health care professionals, negligently, recklessly and carelessly invited persons of inferior qualifications, presumably physicians who hold degrees of Doctor of Medicine and are entitled to practice medicine in the State of New York, to act for, medically treat, advise and operate upon those requiring treatment.

5

33.    That at all times hereinafter mentioned and on or about October 28, 1998 and continuing through March 29, 2002, Plaintiff, MAHOGANY GREEN, had a come under the care of the physicians, nurses, and other health care providers at Defendant THROGS NECK MULTI CARE, P.C..

34.    That at all times hereinafter mentioned, Plaintiff, MAHOGANY GREEN, received medical care at the aforementioned facility owned, operated, managed, maintained or controlled by Defendant THROGS NECK MULTI CARE, P.C..

35.    That from October 28, 1998 and continuing through March 29, 2002, Defendant, THROGS NECK MULTI CARE, P.C., its agents, servants and/or employees, including doctors, nurses, interns and/or health care providers, misdiagnosed Plaintiff's condition.

36.    That at all times mentioned, Defendant SOUNDVIEW HEALTH CENTER at the facility described above was and still is a place of public accommodation for the treatment, service and care of persons medically ill.

37.    Defendant SOUNDVIEW HEALTH CENTER at the aforementioned facility, held itself out as duly qualified and capable of rendering adequate surgical and medical care and treatment to the public and for such purposes hired doctors, nurses, residents, attendants, and other medical personnel.

38.    Defendant SOUNDVIEW HEALTH CENTER at the aforementioned facility, held its agents, servants and employees out to the general public, and more particularly to Plaintiff, MAHOGANY GREEN, as possessing the proper degree of learning and skill to render good and accepted treatment to patients.

6

07/13/2005    16:15
JUL. 11. 2005   5:41 PM    SOUNDVIEW HEALTH CTR
No. 7772    P. 12

39.     That at all times hereinafter mentioned and on or about February 4, 1999 and continuing through March 31, 1999, 2000, Plaintiff, MAHOGANY GREEN, had a come under the care of the physicians at Defendant SOUNDVIEW HEALTH CENTER.

40.     That at all times hereinafter mentioned, Plaintiff, MAHOGANY GREEN, received medical care from the Defendant LONG ISLAND JEWISH MEDICAL CENTER its agents, servants, employees, physicians, nurses, interns and/or other health care providers, at the aforementioned facility from at least January 1, 1997 and continuing through January 1, 1999, inclusive of the date January 4, 1999.

41.     That at all times mentioned, Defendant LONG ISLAND JEWISH MEDICAL CENTER, at the facility described above was and still is a place of public accommodation for the treatment, service and care of persons medically ill.

42.     Defendant LONG ISLAND JEWISH MEDICAL CENTER, at the aforementioned facility, held itself out as duly qualified and capable of rendering adequate surgical and medical care and treatment to the public and for such purposes hired doctors, nurses, residents, attendants, and other medical personnel.

43.     Defendant LONG ISLAND JEWISH MEDICAL CENTER, at the aforementioned facility, held its agents, servants and employees out to the general public, and more particularly to Plaintiff, MAHOGANY GREEN, as possessing the proper degree of learning and skill to render good and accepted treatment to patients.

44.     Defendant, GEORGE BERTERO, M.D., held himself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particulary to Plaintiff,

7

MAHOGANY GREEN.

45.    That from on or about October 28, 1998 up to and continuing through March 28, 2002, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant GEORGE BERTERO, M.D.

46.    That on October 28, 1998 up to and continuing through March 28, 2002, Defendant, GEORGE BERTERO, M.D., misdiagnosed Plaintiff's condition.

47.    Defendant, LOUIS ROSE, M.D., held himself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff, MAHOGANY GREEN.

48.    That from on or about November 2, 1998 up to and continuing through April 2, 2002, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant, LOUIS ROSE, M.D.

49.    That from on or about November 2, 1998 up to and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., misdiagnosed Plaintiff's condition.

50.    Defendant DAWN DAWSON, M.D., held herself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff, MAHOGANY GREEN.

51.    That from on or about February 4, 1999 up to and continuing through March 31, 1999, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant DAWN DAWSON, M.D.

52.     That from on or about February 4, 1999 up to and continuing through March 31, 1999,

Defendant DAWN DAWSON, M.D., misdiagnosed Plaintiff's condition.

53.     Defendant BHAGWANT GILL, M.D., held himself out as duly qualified and capable

of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff,

MAHOGANY GREEN.

54.     That from on or about April 23, 1999 up to and continuing through May 26, 1999,

Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant

BHAGWANT GILL, M.D.

55.     That from on or about April 23, 1999 up to and continuing through May 26, 1999,

Defendant BHAGWANT GILL, M.D. misdiagnosed Plaintiff's condition.

56.     That at all times hereinafter mentioned, Defendants, their agents, servants and/or

employees, including doctors, nurses, interns and/or health care providers, misdiagnosed Plaintiff's

condition.

57.     That on the aforementioned dates, the Defendants, by their agents, servants,

contractees, employees, physicians, nurses, interns and/or other health care providers were negligent,

careless and/or unskilled in that they failed and neglected to properly evaluate conditions manifested by

Plaintiff; failed and neglected to properly perform required medical and surgical procedures upon

Plaintiff; failed to properly diagnose interstitial disease; failed to perform urinalysis; failed to properly

interpret a urinalysis; failed to diagnose Plaintiff's renal disease; failed to determine the cause of the

Plaintiff's infections; failed to treat plaintiff's kidney disorder; failed to order a blood culture; failed to

take a blood culture; failed to perform a cat scan or MRI of the optic nerves; failed to take heed of the

9

patient's medical history; failed to take heed of plaintiff's age; failed to properly interpret test and labs;

failed to order diagnostic tests; failed to come to a differential diagnosis; failed to diagnose the condition

which Plaintiff was suffering; improperly prescribed medications; failed to prescribe appropriate

medications; failed to timely treat the medical conditions from which plaintiff was suffering; failed to

timely recognize and diagnose the medical conditions from which plaintiff was suffering; failed to refer

plaintiff to proper and competent medical personnel and specialists; mismanaged the care, diagnosis

and treatment of plaintiff; failed to take tests which would have revealed the true condition(s) with which

plaintiff presented; failed to timely and truly diagnose and/or timely treat the true conditions and malady

from which plaintiff was suffering; failed to perform and/or to timely perform a CT scan and/or other

appropriate diagnostic tests which tests would have revealed the true medical condition of plaintiff and

which timely and proper diagnosis would have allowed proper medical intervention and prevented

plaintiff's injuries; failed to properly and/or timely read the CT scan films; failed to take and/or to read

and/or read properly X-ray film(s); failed and neglected to take heed of the Plaintiff's complaints; failed

and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge

and training generally possessed by physicians, surgeons and hospitals and was otherwise negligent and

unskillful.

58.    That on the aforementioned dates, Defendants failed to properly and timely diagnose

Plaintiff's medical condition.

59.    That solely by reason of the negligence, carelessness, recklessness, misfeasance,

malfeasance and malpractice of the Defendants, as aforesaid, Plaintiff, MAHOGANY GREEN, was

caused to endure unnecessary pain and suffering, was caused to become blind in her right eye, was

caused to endure mental suffering, conscious pain and suffering, was caused to undergo further medical procedures and will continue to undergo further medical treatment, and was incapacitated from attending to her usual duties, functions and avocations. In addition, the plaintiff has been confined to and home as a result thereof and has been caused to expend certain sums of money for medicines and medical attention.

60.     That the aforesaid was occasioned wholly and solely by the carelessness, recklessness, negligence, unskillfulness and unprofessionalism of the Defendants herein and without any negligence c the part of the Plaintiff contributing thereto.

61.     The limitations on liability set forth in CPLR 1600 et seq do not apply.

62.     As a result of the foregoing, the amount of damages sustained by Plaintiff herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter together with interest, costs and disbursements of this action.

Dated: New York, New York
June 9, 2005

Yours, etc.,

GERSOWITZ LIBO & KOREK, P.C.
Attorneys for Plaintiff

Michael A. Fruhling
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410

11

Jul. 11. 2005 5:43PM    SOUNDVIEW HEALTH CTR

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

MICHAEL A. FRUHLING, being duly sworn, deposes and says:

That he is an attorney associated with the attorneys for the Plaintiff herein.

That he has read the foregoing COMPLAINT and knows the contents thereof. That the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

Deponent further says that the source of his information and the grounds of his belief as to all the matters herein not stated upon his knowledge are: Correspondence had with the said Plaintiff(s) and reports of investigation caused to be made by the Plaintiff(s) which are now in deponent's possession and other pertinent data relating thereto.

Deponent further says that the reason why this verification is made by deponent and not by the said Plaintiff(s) is that the said Plaintiff(s) do not reside in the County of New York, the County wherein deponent has his office.

_____
MICHAEL A. FRUHLING

Sworn to before me this
9th day of June, 2005

_____
Notary Public

EDWARD H. GERSOWITZ
Notary Public, State of New York
No. 31-4652998
Qualified in New York County
Commission Expires January 27, 2006

07/13/2005    16:15
Jul. 11. 2005 5:43PM    SOUNDVIEW HEALTH CTR          No. 7772    P. 18
No. 575    D20

Index No. 16777105                                              Year 20

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF BRONX

TIA WALKER, as Mother and Natural Guardian of MAHOGANY GREEN,

                                                    Plaintiff,

          -against-

THROGS NECK MULTI CARE, P.C., GEORGE BERTERO, M.D., LOUIS ROSE, M.D.,
SOUNDVIEW HEALTH CENTER, DAWN DAWSON, M.D., and BHAGWANT GILL, M.D.,

                                                    Defendants.

---

## SUMMONS, CERTIFICATE OF MERIT AND VERIFIED COMPLAINT

---

GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for*
*Plaintiff*
*Office and Post Office Address — Telephone*
111 BROADWAY – 12TH FLOOR
NEW YORK, N.Y. 10006
(212) 385-4410

To

Attorney(s) for

Service of a copy of the within                              is hereby admitted.
Dated,

                              Attorney(s) for

---

**NOTICE OF ENTRY**

Sir: Please take notice that the within is a (certified) true
copy of a
duly entered in the office of the clerk of the within named
court on                                      20

Dated,

                    Yours, etc.,
          GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for*

     *Office and Post Office Address*
     111 BROADWAY – 12TH FLOOR
     NEW YORK, N.Y. 10022

**NOTICE OF SETTLEMENT**

Sir: Please take notice that an order
of which the within is a true copy will be presented for
settlement to the Hon.

one of the judges of the within named Court, at

on                                            20
at                              M.
Dated,

                    Yours, etc.,
          GERSOWITZ LIBO & KOREK, P.C.
*Attorneys for*

     *Office and Post Office Address*
     111 BROADWAY

# Exhibit B

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: HEATHER K. McSHAIN (HM-5883)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2696
Fax (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
TIA WALKER, as Mother and Natural          :
Guardian of MAHOGANY GREEN,                :
                                           :
                 Plaintiffs,               :    07 Civ.      (   )
                                           :
            - against -                    :    CERTIFICATION
                                           :
THROGS NECK MULTI CARE, P.C.,              :
GEORGE BERTERO, M.D., LOUIS ROSE,          :
M.D., OUR LADY OF MERCY MEDICAL            :
CENTER, SOUNDVIEW HEALTH CENTER,           :
DAWN DAWSON, M.D., and BHAGWANT            :
GILL, M.D.,                                :
                                           :
                 Defendants.               :
- - - - - - - - - - - - - - - - - - x

       I, Michael J. Garcia, United States Attorney for the

Southern District of New York, pursuant to the provisions of 42

U.S.C. § 233 and 28 U.S.C. § 2679, and by virtue of the authority

vested in me under 28 C.F.R. § 15.4, hereby certify, on the basis

of the complaint filed in this action, the information now

available and with respect to the incident referred to therein,

that defendants Dawn Dawson, M.D., an employee of the Soundview

Health Center ("Soundview"), and Soundview were acting within the

scope of their employment as employees of the United States of

America at the time of the incidents alleged in plaintiffs'

complaint.

Dated:   New York, New York
         April 26 , 2007

_____
MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

– 2 –

<u>CERTIFICATE OF SERVICE</u>

I, Heather K. McShain, Assistant United States Attorney for the Southern District of New York, hereby certify that on May 3, 2007, I caused a copy of the foregoing Notice of Removal and Notification of Removal to be served, by Federal Express, on the following:

Michael A. Fruhling, Esq.
GERSOWITZ, LIBO & KOREK, P.C.
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410
Attorneys for Plaintiffs

Michael Kelly, Esq.
SCHIAVETTI, CORGAN, SOSCIA, DiEDWARDS & NICHOLSON, LLP
709 Westchester Avenue
White Plains, New York 10604
(914) 946-0400
Attorneys for Defendant George Bertero, M.D.

Suzanne Rapisarda, Esq.
ELLENBERG & RIGBY, LLP
575 Eighth Avenue
New York, New York 10018
(212) 629-8585
Attorneys for Defendants Throgs Neck Multi Care, P.C. and
Louis Rose, M.D.

James S. Makris, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
3 Gannet Drive
White Plains, New York 10604
(914) 323-7000
Attorneys for Defendant Our Lady of Mercy Medical Center

Joan M. Ruddy, Esq.
BARTLETT, MCDONOUGH & ASSOCIATES
81 Main Street, Suite 400
White Plains, New York 10601
(914) 448-0200
Attorneys for Defendant Bhagwant Gill, M.D.

Paul Bonsignore, Esq.
MCMAHON, MARTINE & GALLAGHER
90 Broad Street
New York, New York 10004
(212) 747-1230

Dated:    New York, New York
          May 3, 2007

                                        HEATHER K. MCSHAIN
                                     Assistant United States Attorney