UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
TIA WALKER, as Mother and Natural    :
Guardian of MAHOGANY GREEN,          :    ECF Case
                                     :
                Plaintiff,           :    07 Civ. 3548 (LAK)
                                     :
        - against -                  :
                                     :
THROGS NECK MULTI CARE, P.C.,        :
GEORGE BERTERO, M.D., LOUIS ROSE,    :
M.D., OUR LADY OF MERCY MEDICAL      :
CENTER, SOUNDVIEW HEALTH CENTER,     :
DAWN DAWSON, M.D., and BHAGWANT      :
GILL, M.D.,                          :
                                     :
                Defendants.          :
- - - - - - - - - - - - - - - - - - -x


### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
### SUBSTITUTE THE UNITED STATES AS DEFENDANT AND
### TO DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for United States of
America and Defendants Soundview
Health Center and Dawn Dawson,
M.D.
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2696
Facsimile: (212) 637-2702


HEATHER K. McSHAIN (HM-5883)
Assistant United States Attorney

    - Of Counsel -

## **Table of Contents**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . 2

Factual Background . . . . . . . . . . . . . . . . . . . . . . 3

    A. Plaintiff's Tort Claims . . . . . . . . . . . . . . . . 3

    B. Soundview and Dawson Were
       Employees of the United States at All Times
       Relevant to the Complaint . . . . . . . . . . . . . . 4

    C. Soundview and Dawson Were Acting
       Within the Scope of Their Federal Employment . . . . . 4

    D. Removal to Federal Court . . . . . . . . . . . . . . . 5

    E. Failure to File any Administrative Claim . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   POINT I  -- THE UNITED STATES SHOULD BE
           SUBSTITUTED AS A PARTY DEFENDANT . . . . . . . 5

   POINT II -- PLAINTIFF'S CLAIMS AGAINST THE UNITED STATES
           SHOULD BE DISMISSED FOR LACK OF
           SUBJECT MATTER JURISDICTION . . . . . . . . . . 8

       A. Legal Standard . . . . . . . . . . . . . . . . 8

       B. The Court Lacks Jurisdiction Under
          the FTCA Because Plaintiffs Failed
          to Present an Administrative Claim
          Before Commencing This Action . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Table of Authorities</u>

<u>Cases</u>

<u>In re Agent Orange Prod. Liab. Litig.</u>, 818 F.2d 210
(2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . 11

<u>Bueno v. Sheldon</u>, No. 99 Civ. 10348, 2000 WL 565192
    (S.D.N.Y. May 9, 2000) . . . . . . . . . . . . . 8, 11, 12

<u>Celestine v. Mount Vernon Neighborhood Health Ctr.</u>,
    279 F. Supp. 2d 392 (S.D.N.Y. 2003),
    <u>aff'd</u> 403 F.3d 76 (2d Cir. 2005) . . . . . . . . . . 8, 11

<u>Cuoco v. Mortisugu</u>, 222 F.3d 99 (2d Cir. 2000) . . . . . . . . 6

<u>Falls Riverway Realty, Inc. v. City of Niagara Falls</u>,
    732 F.2d 38 (2d Cir. 1984) . . . . . . . . . . . . . . 12

<u>FDIC v. Meyer</u>,
    510 U.S. 471, 114 S. Ct. 996 (1994) . . . . . . . . . . 10

<u>In re Joint E. & So. Dist. Asbestos Litig.</u>,
    14 F.3d 726 (2d Cir. 1993) . . . . . . . . . . . . . . 9

<u>Kamen v. American Tel. & Tel. Co.</u>,
    791 F.2d 1006 (2d. Cir. 1986) . . . . . . . . . . . . . 9

<u>Keene Corp. v. United States</u>,
    700 F.2d 836 (2d Cir. 1983) . . . . . . . . . . . . . . 10

<u>Malik v. Meissner</u>, 82 F.3d 560 (2d Cir. 1996) . . . . . . . 8, 9

<u>McHugh v. University of Vermont</u>,
    966 F.2d 67 (2d Cir. 1992) . . . . . . . . . . . . . . 7

<u>McNeil v. United States</u>,
    508 U.S. 106, 113 S. Ct. 1980 (1993) . . . . . . . . . 10

<u>Millares Guiraldes de Tineo v. United States</u>,
    137 F.3d 715 (2d Cir. 1998) . . . . . . . . . . . . 9, 10

<u>Rivera v. United States</u>, 928 F.2d 592 (2d Cir. 1991) . . . . . 6

<u>Robinson v. Overseas Military Sales Corp.</u>,
    21 F.3d 502 (2d Cir. 1994) . . . . . . . . . . . . . 9, 10

<u>Rodriquez v. United States</u>, No. 01 Civ. 4975 (ILG),
    2001 WL 1590516 (E.D.N.Y. Nov. 3, 2001) . . . . . . 8, 11, 12

<u>Santiago Rosario v. Estado Libre Asociado de Puerto Rico</u>,
    52 F. Supp. 2d 301 (D. Puerto Rico 1999) . . . . . 7, 8, 11

<u>United States v. Dalm</u>,
    494 U.S. 596, 110 S. Ct. 1361 (1990) . . . . . . . . . . 9

<u>United States v. Mitchell</u>,
    463 U.S. 206, 103 S. Ct. 2961 (1983) . . . . . . . . . . 9

<u>United States v. Sherwood</u>,
    312 U.S. 584, 61 S. Ct. 767 (1941) . . . . . . . . . . 10

<u>United States v. Vazquez</u>, 145 F.3d 74 (2d Cir. 1998) . . . . . 9

<u>Williams v. United States</u>, 947 F.2d 37 (2d Cir. 1991) . . . . 10

Statutes, Regulations and Rules

28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . 2, 7

28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 2675 . . . . . . . . . . . . . . . . . . . . . 3, 10

28 U.S.C. § 2679 . . . . . . . . . . . . . . . . . . . . . <u>passim</u>

28 U.S.C. § 2680 . . . . . . . . . . . . . . . . . . . . . . 2

38 U.S.C. § 7316 . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 201 . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 233 . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

28 C.F.R. § 15.4(a) . . . . . . . . . . . . . . . . . . . 4, 7

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . <u>passim</u>

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: HEATHER K. McSHAIN (HM-5883)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2696

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x
TIA WALKER, as Mother and Natural   :
Guardian of MAHOGANY GREEN,         :    ECF Case
                                    :
            Plaintiff,              :    07 Civ. 3548 (LAK)
                                    :
      - against -                   :
                                    :
THROGS NECK MULTI CARE, P.C.,       :
GEORGE BERTERO, M.D., LOUIS ROSE,   :
M.D., OUR LADY OF MERCY MEDICAL     :
CENTER, SOUNDVIEW HEALTH CENTER,    :
DAWN DAWSON, M.D., and BHAGWANT     :
GILL, M.D.,                         :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
SUBSTITUTE THE UNITED STATES AS DEFENDANT AND
TO DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES**

Defendants Soundview Health Center ("Soundview") and Dawn Dawson, M.D. ("Dawson"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of this motion to (i) substitute the United States of America (the "United States") as defendant pursuant to 28 U.S.C. § 2679 with respect to plaintiff's medical malpractice claims against Soundview and Dawson, and (ii) dismiss the complaint pursuant to

Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

### PRELIMINARY STATEMENT

Plaintiff Tia Walker ("Walker"), as mother and natural guardian of Mahogany Green ("Green"), commenced this medical malpractice action against Soundview and Dawson, an employee of Soundview at the time of the events alleged in the complaint, as well as against other defendants (collectively the "non-federal defendants").[1]  Pursuant to the Public Health Service Act, 42 U.S.C. § 201 et seq. (the "PHS Act"), Soundview and its employees, like Dawson, were deemed to be employees of the United States effective February 1, 1997 (the "deeming date"), for purposes of tort actions seeking damages for injuries allegedly resulting from the provision of medical-related services.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA"), provides the exclusive remedy with respect to plaintiff's claims against Soundview and Dawson, which concern allegedly negligent acts and omissions committed by Dawson after the deeming date while employed at Soundview.  Under the FTCA, the United States shall be substituted as defendant where, as here, the "defendant employee was acting within the scope of

---

[1]  Plaintiffs also named the following defendants:  Throgs Neck Multi Care, P.C., George Bertero, M.D., Louis Rose, M.D., Our Lady of Mercy Medical Center, and Bhagwant Gill, M.D.  See Declaration of Heather K. McShain ("McShain Decl."), Exhibit A (plaintiff's complaint).

h[er] office or employment at the time of the incident out of which the claim arose."  28 U.S.C. § 2679(d)(1).  Accordingly, the United States should be substituted for Soundview and Dawson as defendant.

Upon substitution, the Court should dismiss the complaint as against the United States for lack of subject matter jurisdiction.  As a condition of the waiver of sovereign immunity, the FTCA requires tort claimants to exhaust administrative remedies before commencing an action in federal court.  See 28 U.S.C. § 2675(a).  Here, however, plaintiff did not file an administrative claim with the United States Department of Health and Human Services ("HHS").  Accordingly, all claims against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

### A.  Plaintiff's Tort Claims

On or about June 15, 2005, plaintiff filed a complaint in the Supreme Court of New York, County of Bronx, against Soundview, Dawson, and the non-federal defendants.  See McShain Decl., Exh. A.  According to the complaint, Dawson and Soundview, among others, were negligent when Dawson in or about February through April of 1999 misdiagnosed Green, and that as a result of such negligence, Walker's daughter sustained serious personal

- 3 -

injuries.  Id.  The complaint seeks an unspecified amount in damages against all of the named defendants.  Id. at ¶ 62.

## B.  Soundview and Dawson Were Employees of the United States at All Times Relevant to the Complaint

Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)-(n) (the "FSHCAA"), Soundview and its employees, such as Dawson, are deemed to be employees of the United States Government, effective February 1, 1997, for purposes of civil actions seeking damages for personal injury resulting from the performance of medical, surgical, dental or related functions. See 42 U.S.C. § 233(a), (g) and (h); Declaration of Richard G. Bergeron ("Bergeron Decl."), ¶ 5.  Dawson was an employee of Soundview during all times relevant to the complaint.  Id., ¶ 6. Therefore, Soundview and Dawson were deemed employees of the United States at all times relevant to the complaint.

## C.  Soundview and Dawson Were Acting Within the Scope of Their Federal Employment

On April 26, 2007, United States Attorney Michael J. Garcia certified, pursuant to 38 U.S.C. § 7316(c), 28 U.S.C. § 2679, and 28 C.F.R. § 15.4, that Soundview and Dawson were acting within the scope of their federal employment at the time of the alleged incidents giving rise to this action.  See McShain Decl., Exh. B. (Notice of Removal attaching Certification of Michael J. Garcia at Exhibit B ("Garcia Certification")).

- 4 -

**D.  Removal to Federal Court**

On May 3, 2007, this action was removed to federal court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).  <u>See</u> McShain Decl., Exh. B.

**E.  Failure to File any Administrative Claim**

To date, plaintiff has never filed any administrative claim with HHS, the appropriate federal agency with respect to the tort claims raised in this action.  <u>See</u> Bergeron Decl., ¶ 4.

<u>ARGUMENT</u>

POINT I

THE UNITED STATES SHOULD BE SUBSTITUTED AS PARTY DEFENDANT

As a preliminary matter, the United States should be substituted as defendant with respect to the tort claims alleged against Soundview and Dawson.  The FSHCAA, 42 U.S.C. § 233(g), provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes.  The Secretary of Health and Human Services deems a community health center a Public Health Service employee after the center has qualified for certain federal assistance.  <u>See</u> 42 U.S.C. § 233(g)(1)(D) to (G).  Once deemed a Public Health Service employee, a community health center and its employees enjoy immunity for their acts which relate to their employment, and any actions against them are treated as actions against the United States.  <u>See</u> 42 U.S.C. § 233(a).

Section 233(a) of the FSHCAA expressly provides:

> The remedy against the United States provided
> by [the FTCA] . . . for damage for personal
> injury, including death, resulting from the
> performance of medical, surgical, dental, or
> related functions . . . by any commissioned
> officer or employee of the Public Health
> Service while acting within the scope of his
> office or employment, shall be exclusive of any
> other civil action or proceeding by reason of
> the same subject-matter against the officer or
> employee . . . whose act or omission gave rise
> to the claim.

42 U.S.C. § 233(a).  Accordingly, the FSHCAA makes the FTCA "the

exclusive remedy for specified actions against members of the

Public Health Service," Cuoco v. Mortisugu, 222 F.3d 99, 107 (2d

Cir. 2000), and protects "employees of the Public Health Service

from being subject to suit while performing medical and similar

functions by requiring that such lawsuits be brought against the

United States instead," id. at 108.[2]

Here, the Secretary of Health and Human Services deemed

Soundview a Public Health Service employee for purposes of the

FSHCAA and FTCA effective on February 1, 1997.  See Bergeron

Decl., ¶ 5, Exh. 1.  Pursuant to 42 U.S.C. § 233, 28 U.S.C. §

---

[2]  While the FSHCAA specifically applies to employees of the
Public Health Service, the FTCA, which applies generally to all
federal employees, similarly provides that a suit against the
United States is the exclusive remedy for an injury "resulting
from the negligent or wrongful act or omission of any employee of
the Government while acting within the scope of his office or
employment," 28 U.S.C. § 2679(b)(1), and provides government
officers and employees acting within the scope of their
employment with absolute immunity from claims of common-law tort,
see Rivera v. United States, 928 F.2d 592, 608-09 (2d Cir. 1991).

2679(d)(1) and 28 C.F.R. § 15.4, Michael J. Garcia, United States

Attorney for the Southern District of New York, has certified

that defendants Soundview and Dawson were acting within the scope

of their employment as designated employees of the United States

at the time of the incidents alleged in the complaint, in or

about February through April of 1999.  See McShain Decl., Ex. B

(Garcia Certification).  The Garcia Certification provides the

"basis for the substitution of the United States as a defendant

and for the resultant immunization of the federal employee[s]."

McHugh v. Univ. of Vt., 966 F.2d 67, 72 (2d Cir. 1992); see

Public Health Service Act § 224(c), 42 U.S.C. § 233(c) ("Upon a

certification by the Attorney General that the defendant was

acting in the scope of his employment … the proceeding [shall be]

deemed a tort action brought against the United States."); id. §

224(a), 42 U.S.C. § 233(a) ("The remedy against the United States

provided by [the FTCA] . . . shall be exclusive of any other

civil action or proceeding by reason of the same subject-matter

against the officer or employee (or his estate) whose act or

omission gave rise to the claim.").[3]

---

[3]  Upon certification, the action "shall proceed in the same
manner as any action against the United States filed pursuant to
section 1346(b) of this title and shall be subject to the
limitations and exceptions applicable to those [FTCA] actions."
28 U.S.C. § 2679(d)(4).  See also Santiago Rosario v. Estado
Libre Asociado de Puerto Rico, 52 F. Supp. 2d 301, 303-04 (D.
Puerto Rico 1999) ("Once the United States has determined an
entity to be an employee of the Public Health Service, it then
extends the protections of the FTCA.").

Thus, plaintiff's tort claims against Dawson and Soundview should be dismissed with prejudice, and the United States should be substituted as defendant.  See Celestine v. Mount Vernon Neighborhood Health Ctr., 289 F. Supp. 2d 392, 398 (S.D.N.Y. 2003) (substituting the United States in place of health clinic deemed a federal employee based on United States Attorney's certification), aff'd 403 F.3d 76 (2d Cir. 2005); Rodriguez v. United States, No. 01 Civ. 4975 (ILG), 2001 WL 1590516, at *n.2 (E.D.N.Y. Nov. 3, 2001) (same); Bueno v. Sheldon, No. 99 Civ. 10348 (JGK), 2000 WL 565192 (S.D.N.Y. May 9, 2000) (same); Santiago Rosario, 52 F. Supp. 2d at 302-04 (same). As set forth below, however, the Court lacks subject matter jurisdiction over plaintiff's tort claims against the United States.

## POINT II

### PLAINTIFF'S CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Once the United States is substituted for Dawson and Soundview, plaintiff's FTCA action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### A.  Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(1), plaintiffs carry the burden of establishing that subject matter jurisdiction exists over their complaint.  See Malik v. Meissner,

- 8 -

82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist.
Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993).  In considering
challenges to subject matter jurisdiction under Rule 12(b)(1),
the Court may consider evidence extrinsic to the pleadings.  See
Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir.
1986).  The consideration of such materials does not convert the
motion to one for summary judgment pursuant to Rule 56.  See
United States v. Vazquez, 145 F.3d 74, 80 (2d Cir. 1998).

**B.   The Court Lacks Jurisdiction Under the FTCA Because _____
      Plaintiff Failed to Present an Administrative Claim Before
      Commencing This Action**

        Plaintiff cannot satisfy her burden of establishing
subject matter jurisdiction given her failure to file an
administrative claim prior to commencing this action.
Principles of sovereign immunity dictate that the United States
cannot be sued without its consent.  See United States v.
Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965 (1983);
Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d
Cir. 1994).  Congress can only waive the Government's sovereign
immunity through unequivocal statutory language, and may impose
conditions on such a waiver.  United States v. Dalm, 494 U.S.
596, 608, 110 S. Ct. 1361, 1368 (1990).  Waivers of sovereign
immunity and their conditions – whether substantive, procedural
or temporal – must be strictly applied against the claimant.
Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719

- 9 -

(2d Cir. 1998).  If the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, then federal subject matter jurisdiction does not exist.  See United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941); Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991).  See also FDIC v. Meyer, 510 U.S. 471, 474-75, 114 S. Ct. 996, 999-1000 (1994) (sovereign immunity raises a jurisdictional bar to suit).

The FTCA provides a limited waiver of the United States' sovereign immunity for certain tortious conduct.  However, the FTCA requires that before a claimant may initiate an action against the United States, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a) (emphasis supplied).  The requirement that an administrative claim be filed and finally denied "is jurisdictional and cannot be waived."  Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983) (requiring strict adherence to procedures set forth in the FTCA); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) (FTCA suits are jurisdictionally barred absent exhaustion of administrative remedies); Robinson, 21 F.3d at 510 (no subject

matter jurisdiction where plaintiff "failed to first present his claim to the appropriate agency").

Plaintiff's complaint does not allege that she presented an administrative claim with respect to Soundview's or Dawson's alleged negligence in their treatment of Green.  See McShain Decl., Exh. A.  This failure alone requires dismissal of the complaint:

> The burden is on plaintiff to both plead and
> prove compliance with the statutory requirements.
> In the absence of such compliance, a district
> court has no subject matter jurisdiction over the
> plaintiff's claim.

In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted).

Moreover, plaintiff cannot plead compliance with the statutory requirements of the FTCA as she has never filed an administrative claim with an appropriate federal agency. Bergeron Decl., ¶ 4.  Because plaintiff failed to exhaust her administrative remedies under the FTCA, her claims against the United States must be dismissed for lack of subject matter jurisdiction.  See Celestine 289 F. Supp. 2d at 399-400 (dismissing medical malpractice action filed against clinic deemed Public Health Service employee for failure to exhaust administrative remedies under FTCA); Rodriguez, 2001 WL 1590516 at *2 (same); Bueno, 2000 WL 565192, at *3 (same); Santiago Rosario, 52 F. Supp. 2d at 304 (same).

- 11 -

Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[4]

---

[4]  Once the United States is dismissed from this action, the claims against the non-federal defendants should be remanded to New York State Supreme Court, County of New York, because this Court never had original jurisdiction over this action.  See, e.g., Rodriguez, 2001 WL 159516, at *2 (remanding malpractice claims against remaining non-federal defendants after claims against United States, based on acts of Public Health Service deemed clinic and doctor were dismissed for failure to exhaust administrative remedies under FTCA); Bueno, 2000 WL 565192, at *2 (same).  Even assuming arguendo that this Court could exercise supplemental jurisdiction over plaintiff's claims against the non-federal defendants, the determination of whether to remand the remaining state law claims would still be subject to the Court's discretion.  See Falls Riverway Realty, Inc. v. City of Niagara Falls, 732 F.2d 38, 42 (2d Cir. 1984).

**CONCLUSION**

For the foregoing reasons, Soundview and Dawson respectfully request that the Court: (i) substitute the United States as defendant with respect to plaintiff's claims against them, and, upon substitution, (ii) dismiss the complaint as against the United States for lack of subject matter jurisdiction.

Dated:  New York, New York
        May 10, 2007

                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States
                        of America and Defendants Soundview
                        Health Center and Dawn Dawson, M.D.


                By: **/s/ Heather K. McShain**
                        HEATHER K. McSHAIN  (HM-5883)
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Telephone:  (212) 637-2696
                        Facsimile:  (212) 637-2702