07/13/2005 16:15   NO.575 D06
Jul. 11. 2005 5:39PM   SOUNDVIEW HEALTH CTR   No. 7772—P. 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

UNITED LAWYERS

-------------------------------------------------------X   Index No.: 16771-05
TIA WALKER, as Mother and Natural Guardian of           Date Filed: 6/14/05
MAHOGANY GREEN,

Plaintiffs designates
Bronx County
as the Place of Trial

Plaintiff,

- against -

The basis of venue is
Plaintiff's residence

THROGS NECK MULTI CARE, P.C., GEORGE
BERTERO, M.D., LOUIS ROSE, M.D., OUR LADY
OF MERCY MEDICAL CENTER, SOUNDVIEW
HEALTH CENTER, DAWN DAWSON, M.D.,
and BHAGWANT GILL, M.D.,

SUMMONS

Defendants.
-------------------------------------------------------X

To the above named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       June 9, 2005

Gersowitz, Libo & Korek, P.C.
Attorneys for Plaintiff

By: Michael A. Fruhling
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410

FILED
JUN 14 2005
BRONX COUNTY CLERK'S OFFICE

Defendants' Addresses:

Throgs Neck Multi Care, P.C.
3058 East Tremont Avenue
Bronx, New York 10461

George Bertero, M.D.
3058 East Tremont Avenue
Bronx, New York 10461

Louis Rose, M.D.
3058 East Tremont Avenue
Bronx, New York 10461

Our Lady of Mercy Medical Center
600 East 233rd Street
Bronx, New York 10466

Soundview Health Center
731 White Plains Road
Bronx, New York 10473

Dawn Dawson, M.D.

Bhagwant Gill, M.D.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------X
TIA WALKER, as Mother and Natural Guardian of
MAHOGANY GREEN,

                                         Plaintiff,

        - against -

THROGS NECK MULTI CARE, P.C., GEORGE
BERTERO, M.D., LOUIS ROSE, M.D., OUR LADY
OF MERCY MEDICAL CENTER, SOUNDVIEW
HEALTH CENTER, DAWN DAWSON, M.D.,
and BHAGWANT GILL, M.D.,

                                         Defendants.
---------------------------------------X

Index No.: 16771/05
Date Filed: 6/14/05

**VERIFIED COMPLAINT**

SIRS:

      Plaintiff, by her attorneys, GERSOWITZ LIBO & KOREK, P.C., alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    That at all times hereinafter mentioned, Plaintiff TIA WALKER is the mother and natural guardian of MAHOGANY GREEN.

    2.    That at all time hereinafter mentioned, Plaintiffs reside at 2791 Dewey Avenue, Apartment 2A, Bronx, New York 10465.

    3.    That at all times hereinafter mentioned, Defendant THROGS NECK MULTI CARE, P.C., was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

FILED
JUN 14 2005
BRONX COUNTY CLERK'S OFFICE

1

4. That at all times hereinafter mentioned, Defendant THROGS NECK MULTI CARE, P.C., was and still is a foreign corporation authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, Defendant THROGS NECK MULTI CARE, P.C., was and still is a partnership, organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, Defendant, THROGS NECK MULTI CARE, P.C., was located at 3058 East Tremont Avenue, Bronx, New York.

7. That at all times hereinafter mentioned, Defendant, GEORGE BERTERO, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

8. That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002, Defendant GEORGE BERTERO, M.D., was a physician practicing medicine at Defendant THROGS NECK MULTI CARE, P.C..

9. That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002, Defendant, GEORGE BERTERO, M.D., was a partner in the medical practice known as "THROGS NECK MULTI CARE, P.C.".

10. That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002, Defendant GEORGE BERTERO, M.D., was employed by Defendant, THROGS NECK MULTI CARE, P.C..

11. That at all times hereinafter mentioned, from October 28, 1998 and continuing through March 29, 2002, Defendant GEORGE BERTERO, M.D., was practicing medicine at the Defendant THROGS NECK MULTI CARE, P.C., with the knowledge and consent of Defendant, THROGS

2

07/13/2005 16:15
JUL. 11. 2005 5:40PM   SOUNDVIEW HEALTH CTR   No. 7772 P. 8

NECK MULTI CARE, P.C.

12. That at all times hereinafter mentioned, Defendant LOUIS ROSE, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

13. That at all times hereinafter mentioned, between November 2, 1998 and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., was a physician practicing medicine at Defendant, THROGS NECK MULTI CARE, P.C.

14. That at all times hereinafter mentioned, from November 2, 1998 and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., was a partner in the medical practice known as "THROGS NECK MULTI CARE, P.C.".

15. That at all times hereinafter mentioned, from November 2, 1998 and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., was employed by Defendant, THROGS NECK MULTI CARE, P.C..

16. That at all times hereinafter mentioned, from November 2, 1998 and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., was practicing medicine at the Defendant, THROGS NECK MULTI CARE, P.C., with the knowledge and consent of Defendant, THROGS NECK MULTI CARE, P.C..

17. That at all times hereinafter mentioned, from November 2, 1998 and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., was practicing medicine at 3058 East Tremont Avenue, Bronx, New York.

18. That at all times hereinafter mentioned, Defendant OUR LADY OF MERCY MEDICAL CENTER was and still is a corporation duly organized and existing under and by virtue of

the laws of the State of New York.

19. That at all times hereinafter mentioned, Defendant OUR LADY OF MERCY MEDICAL CENTER was and still is a foreign corporation authorized to do business in the State of New York.

20. That at all times hereinafter mentioned, Defendant OUR LADY OF MERCY MEDICAL CENTER was located at 600 East 233rd Street, Bronx, New York 10466.

21. That at all times hereinafter mentioned, Defendant SOUNDVIEW HEALTH CENTER was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

22. That at all times hereinafter mentioned, Defendant SOUNDVIEW HEALTH CENTER was and still is a foreign corporation authorized to do business in the State of New York.

23. That at all times hereinafter mentioned, Defendant SOUNDVIEW HEALTH CENTER was located at 731 White Plains Road, Bronx, New York.

24. That at all times hereinafter mentioned, Defendant, DAWN DAWSON, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

25. That at all times hereinafter mentioned, Defendant, DAWN DAWSON, M.D., was a physician licensed to practice medicine in the State of New York.

26. That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was a physician practicing medicine at Defendant SOUNDVIEW HEALTH CENTER.



27. That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was employed by Defendant SOUNDVIEW HEALTH CENTER.

28. That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was a principal in the medical practice known as "Soundview Health Center".

29. That at all times hereinafter mentioned, from February 4, 1999 and continuing through April 1, 1999, Defendant, DAWN DAWSON, M.D., was practicing medicine at the Defendant SOUNDVIEW HEALTH CENTER with the knowledge and consent of Defendant, SOUNDVIEW HEALTH CENTER.

30. That at all times hereinafter mentioned, Defendant, BHAGWANT GILL, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

31. That at all times hereinafter mentioned, from March 31, 1999 and continuing through May 26, 1999, Defendant, BHAGWANT GILL, M.D., was a physician practicing medicine at 1695 Eastchester Road, Bronx, New York.

32. That on or about October 28, 1998 and continuing through March 29, 2002, Defendant, THROGS NECK MULTI CARE, P.C., its respective agents, servants, employees, contractors, physicians, nurses, interns and other health care professionals, negligently, recklessly and carelessly invited persons of inferior qualifications, presumably physicians who hold degrees of Doctor of Medicine and are entitled to practice medicine in the State of New York, to act for, medically treat, advise and operate upon those requiring treatment.

5

33. That at all times hereinafter mentioned and on or about October 28, 1998 and continuing through March 29, 2002, Plaintiff, MAHOGANY GREEN, had a come under the care of the physicians, nurses, and other health care providers at Defendant THROGS NECK MULTI CARE, P.C..

34. That at all times hereinafter mentioned, Plaintiff, MAHOGANY GREEN, received medical care at the aforementioned facility owned, operated, managed, maintained or controlled by Defendant THROGS NECK MULTI CARE, P.C..

35. That from October 28, 1998 and continuing through March 29, 2002, Defendant, THROGS NECK MULTI CARE, P.C., its agents, servants and/or employees, including doctors, nurses, interns and/or health care providers, misdiagnosed Plaintiff's condition.

36. That at all times mentioned, Defendant SOUNDVIEW HEALTH CENTER at the facility described above was and still is a place of public accommodation for the treatment, service and care of persons medically ill.

37. Defendant SOUNDVIEW HEALTH CENTER at the aforementioned facility, held itself out as duly qualified and capable of rendering adequate surgical and medical care and treatment to the public and for such purposes hired doctors, nurses, residents, attendants, and other medical personnel.

38. Defendant SOUNDVIEW HEALTH CENTER at the aforementioned facility, held its agents, servants and employees out to the general public, and more particularly to Plaintiff, MAHOGANY GREEN, as possessing the proper degree of learning and skill to render good and accepted treatment to patients.

39. That at all times hereinafter mentioned and on or about February 4, 1999 and continuing through March 31, 1999, 2000, Plaintiff, MAHOGANY GREEN, had a come under the care of the physicians at Defendant SOUNDVIEW HEALTH CENTER.

40. That at all times hereinafter mentioned, Plaintiff, MAHOGANY GREEN, received medical care from the Defendant LONG ISLAND JEWISH MEDICAL CENTER its agents, servants, employees, physicians, nurses, interns and/or other health care providers, at the aforementioned facility from at least January 1, 1997 and continuing through January 2, 1999, inclusive of the date January 4, 1999.

41. That at all times mentioned, Defendant LONG ISLAND JEWISH MEDICAL CENTER, at the facility described above was and still is a place of public accommodation for the treatment, service and care of persons medically ill.

42. Defendant LONG ISLAND JEWISH MEDICAL CENTER, at the aforementioned facility, held itself out as duly qualified and capable of rendering adequate surgical and medical care and treatment to the public and for such purposes hired doctors, nurses, residents, attendants, and other medical personnel.

43. Defendant LONG ISLAND JEWISH MEDICAL CENTER, at the aforementioned facility, held its agents, servants and employees out to the general public, and more particularly to Plaintiff, MAHOGANY GREEN, as possessing the proper degree of learning and skill to render good and accepted treatment to patients.

44. Defendant, GEORGE BERTERO, M.D., held himself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff,

7

MAHOGANY GREEN.

45. That from on or about October 28, 1998 up to and continuing through March 28, 2002, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant GEORGE BERTERO, M.D.

46. That on October 28, 1998 up to and continuing through March 28, 2002, Defendant, GEORGE BERTERO, M.D., misdiagnosed Plaintiff's condition.

47. Defendant, LOUIS ROSE, M.D., held himself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff, MAHOGANY GREEN.

48. That from on or about November 2, 1998 up to and continuing through April 2, 2002, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant, LOUIS ROSE, M.D.

49. That from on or about November 2, 1998 up to and continuing through April 2, 2002, Defendant, LOUIS ROSE, M.D., misdiagnosed Plaintiff's condition.

50. Defendant DAWN DAWSON, M.D., held herself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff, MAHOGANY GREEN.

51. That from on or about February 4, 1999 up to and continuing through March 31, 1999, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant DAWN DAWSON, M.D.

52. That from on or about February 4, 1999 up to and continuing through March 31, 1999, Defendant DAWN DAWSON, M.D., misdiagnosed Plaintiff's condition.

53. Defendant BHAGWANT GILL, M.D., held himself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly to Plaintiff, MAHOGANY GREEN.

54. That from on or about April 23, 1999 up to and continuing through May 26, 1999, Plaintiff, MAHOGANY GREEN, came under the medical care and treatment of the Defendant BHAGWANT GILL, M.D.

55. That from on or about April 23, 1999 up to and continuing through May 26, 1999, Defendant BHAGWANT GILL, M.D. misdiagnosed Plaintiff's condition.

56. That at all times hereinafter mentioned, Defendants, their agents, servants and/or employees, including doctors, nurses, interns and/or health care providers, misdiagnosed Plaintiff's condition.

57. That on the aforementioned dates, the Defendants, by their agents, servants, contractees, employees, physicians, nurses, interns and/or other health care providers were negligent, careless and/or unskilled in that they failed and neglected to properly evaluate conditions manifested by Plaintiff; failed and neglected to properly perform required medical and surgical procedures upon Plaintiff; failed to properly diagnose interstitial disease; failed to perform urinalysis; failed to properly interpret a urinalysis; failed to diagnose Plaintiff's renal disease; failed to determine the cause of the Plaintiff's infections; failed to treat plaintiff's kidney disorder; failed to order a blood culture; failed to take a blood culture; failed to perform a cat scan or MRI of the optic nerves; failed to take heed of the

9

patient's medical history; failed to take heed of plaintiff's age; failed to properly interpret test and labs; failed to order diagnostic tests; failed to come to a differential diagnosis; failed to diagnose the condition which Plaintiff was suffering; improperly prescribed medications; failed to prescribe appropriate medications; failed to timely treat the medical conditions from which plaintiff was suffering; failed to timely recognize and diagnose the medical conditions from which plaintiff was suffering; failed to refer plaintiff to proper and competent medical personnel and specialists; mismanaged the care, diagnosis and treatment of plaintiff; failed to take tests which would have revealed the true condition(s) with which plaintiff presented; failed to timely and truly diagnose and/or timely treat the true conditions and malady from which plaintiff was suffering; failed to perform and/or to timely perform a CT scan and/or other appropriate diagnostic tests which tests would have revealed the true medical condition of plaintiff and which timely and proper diagnosis would have allowed proper medical intervention and prevented plaintiff's injuries; failed to properly and/or timely read the CT scan films; failed to take and/or to read and/or read properly X-ray film(s); failed and neglected to take heed of the Plaintiff's complaints; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians, surgeons and hospitals and was otherwise negligent and unskillful.

58. That on the aforementioned dates, Defendants failed to properly and timely diagnose Plaintiff's medical condition.

59. That solely by reason of the negligence, carelessness, recklessness, misfeasance, malfeasance and malpractice of the Defendants, as aforesaid, Plaintiff, MAHOGANY GREEN, was caused to endure unnecessary pain and suffering, was caused to become blind in her right eye, was

10

caused to endure mental suffering, conscious pain and suffering, was caused to undergo further medical procedures and will continue to undergo further medical treatment, and was incapacitated from attending to her usual duties, functions and avocations. In addition, the plaintiff has been confined to and home as a result thereof and has been caused to expend certain sums of money for medicines and medical attention..

60. That the aforesaid was occasioned wholly and solely by the carelessness, recklessness, negligence, unskillfulness and unprofessionalism of the Defendants herein and without any negligence c the part of the Plaintiff contributing thereto.

61. The limitations on liability set forth in CPLR 1600 et seq do not apply.

62. As a result of the foregoing, the amount of damages sustained by Plaintiff herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter together with interest, costs and disbursements of this action.

Dated: New York, New York
June 9, 2005

Yours, etc.,

GERSOWITZ LIBO & KOREK, P.C.
Attorneys for Plaintiff

Michael A. Fruhling
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410

11

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

MICHAEL A. FRUHLING, being duly sworn, deposes and says:

That he is an attorney associated with the attorneys for the Plaintiff herein.

That he has read the foregoing COMPLAINT and knows the contents thereof. That the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

Deponent further says that the source of his information and the grounds of his belief as to all the matters herein not stated upon his knowledge are: Correspondence had with the said Plaintiff(s) and reports of investigation caused to be made by the Plaintiff(s) which are now in deponent's possession and other pertinent data relating thereto.

Deponent further says that the reason why this verification is made by deponent and not by the said Plaintiff(s) is that the said Plaintiff(s) do not reside in the County of New York, the County wherein deponent has his office.

_____
MICHAEL A. FRUHLING

Sworn to before me this
9th day of June, 2005

_____
Notary Public

EDWARD H. GERSOWITZ
Notary Public, State of New York
No. 31-1853302
Qualified in New York County
Commission Expires January 27, 2006

Index No. 16771/05                                                                                              Year 20

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF BRONX

TIA WALKER, as Mother and Natural Guardian of MAHOGANY GREEN,

Plaintiff,

-against-

THROGS NECK MULTI CARE, P.C., GEORGE BERTERO, M.D., LOUIS ROSE, M.D., SOUNDVIEW HEALTH CENTER, DAWN DAWSON, M.D., and BHAGWANT GILL, M.D.,

Defendants.

## SUMMONS, CERTIFICATE OF MERIT AND VERIFIED COMPLAINT

Gersowitz Libo & Korek, P.C.
Attorneys for
Plaintiff
Office and Post Office Address-Telephone
111 BROADWAY – 12TH FLOOR
NEW YORK, N.Y. 10006
(212) 385-4410

To

Attorney(s) for

Service of a copy of the within                                                                         is hereby admitted.
Dated,

                                                        Attorney(s) for

---

**NOTICE OF ENTRY**

Sir: Please take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named
court on                                       20

Dated,

Yours, etc.,
Gersowitz Libo & Korek, P.C.
Attorneys for

Office and Post Office Address
111 BROADWAY – 12TH FLOOR
NEW YORK, N.Y. 10023

**NOTICE OF SETTLEMENT**

Sir: Please take notice that an order
of which the within is a true copy will be presented for
settlement to the Hon.
one of the judges of the within named Court, at
                                                                                  on                                 20
at                                       M.
Dated,
                                                        Yours, etc.,
                                                        Gersowitz Libo & Korek, P.C.
Attorneys for

Office and Post Office Address
111 BROADWAY